# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10103
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARNULFO GALVAN MIRELES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-109-1

Before HIGGINBOTHAM, DAVIS and GRAVES, Circuit Judge.

PER CURIAM:[*]

Arnulfo Galvan Mireles (Galvan) appeals the sentence imposed following his guilty plea conviction for illegal reentry after removal from the United States. For the first time on appeal, Galvan argues that, following *Alleyne v. United States*, 133 S. Ct. 2151 (2013), any fact that increases the range of reasonable sentences must be found by a jury beyond a reasonable doubt. He asserts that the district court's factual finding—that he had a serious criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

history, that his drinking posed a serious danger to others, and that he had undertaken inappropriate contact with a victim in a prior case—violated his constitutional rights because it likely affected the range of reasonable punishments.

As Galvan did not raise this issue in the district court, we review it for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Galvan must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* If he makes such a showing, we have the discretion to correct the error, but should do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The Government has moved for summary affirmance on the ground that the sole issue raised by Galvan is foreclosed. In *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013), the defendant argued that *Alleyne* required that any fact that increased his minimum sentence, including facts that raised his guidelines range, must be found by a jury beyond a reasonable doubt. This court rejected the argument, holding that *Alleyne* applied "only to facts that increase a statutory mandatory minimum sentence." *Id.* In the present case, Galvan's crime of conviction had no statutory minimum sentence of imprisonment, and no judicially found facts increased the statutory minimum sentence. *See* 8 U.S.C § 1326(b). Accordingly, as Galvan concedes, his argument is foreclosed. *See Tuma*, 738 F.3d at 693.

The Government's motion for summary affirmance is GRANTED. The Government's alternative motion to extend the time to file its brief is DENIED.

AFFIRMED.